IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-58-2 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS COUNTS IN THE INDICTMENT** |
| GARRY HOLMES, | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Garry Holmes' Motion to Dismiss Count One of the Indictment Based on Commerce Element (Doc. 46), Motion to Dismiss Count Two of the Indictment (Doc. 47), Motion to Dismiss Count Three of the Indictment Based on Commerce Element (Doc. 48), and Second Motion to Dismiss Count Two of the Indictment (Doc. 52). The United States opposes Defendant's motions (Doc. 55).

A grand jury indicted Holmes and his co-defendant, Eric Lang, on charges of carjacking, in violation of 18 U.S.C. §§ 2119 and 2119(2) (Count One) and using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). The grand jury also charged Holmes with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Three).

Holmes filed several motions to dismiss various counts of the Indictment. Specifically, he moved to dismiss Count One—carjacking—because Congress' ability to make laws under the Commerce Clause does not reach the local allegations here. (Doc. 46.) He moved to dismiss Count Two—using a firearm in relation to a crime of violence—because once Count One is dismissed, Count Two lacks the necessary predicate offense and because the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague. (Docs. 47, 52.) He moved to dismiss Count

Three—possession of a firearm by a prohibited person—because, he contends, the United States cannot prove that the firearm charged in this case was possessed "in or affecting commerce," as required by 18 U.S.C. § 922(g)(1) and because § 922(g)(1) exceeds Congress' authority under the Commerce Clause. (Doc. 48.) For the reasons set forth below, Holmes' motions will be **DENIED**.

## I. BACKGROUND

A grand jury charged that, on January 10, 2020, Holmes and Lang stole a 2008 Mercedes Benz C300 from W.R. "by force, violence, and intimidation, resulting in serious bodily injury to W.R." (Doc. 1 at PageID 4.) The charge alleges that the Mercedes "had been transported, shipped, and received in interstate commerce." (*Id.*) Holmes does not challenge the fact that the Mercedes was manufactured outside the state of Ohio.

The grand jury further charged that Holmes and Lang knowingly used, carried, brandished, or discharged a firearm "during and in relation to" the January 10, 2020 carjacking. (*Id.* at PageID 5.) Finally, the grand jury charged that Holmes, a convicted felon, knowingly possessed a Smith and Wesson .40 caliber firearm and ammunition "and the firearm and ammunition were in and affecting commerce." (*Id.*) Holmes does not challenge the fact that the firearm and ammunition were manufactured outside the state of Ohio.

## II. COUNT I—CARJACKING

Holmes contends that, because he allegedly carjacked locally, the federal carjacking statute "is insufficient to satisfy the constitutional requirements of congressional reach under the Commerce Clause." (Doc. 46 at PageID 91.) Specifically, Holmes argues that all allegations against him occurred exclusively within the Southern District of Ohio so the United States exceeded its authority in attempting to federally prosecute a local crime.

As Holmes acknowledges, other federal courts, including the Sixth Circuit, have considered and rejected Commerce Clause challenges to the federal carjacking statute. *United States v. Peyton*, 183 F. App'x 539, 550 (6th Cir. 2006) ("Federal courts, including this one, have unanimously rejected this constitutional challenge to the carjacking statute."). Holmes contends, however, that the Supreme Court's decision in *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012) undermines those binding precedents. The Court disagrees.

First, *Sebelius* addresses no prohibitions in federal criminal law. Rather, that case resolved constitutional challenges to two provisions in the Patient Protection and Affordable Care Act of 2010—the mandate requiring individuals to purchase health insurance with certain minimum coverages and the required Medicaid expansion. *Id.* at 539.

Second, in *Sebelius*, the Supreme Court specifically noted the expansive power of the Commerce Clause, stating:

> The Constitution authorizes Congress to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." Art. I, § 8, cl. 3. Our precedents read that to mean that Congress may regulate "the channels of interstate commerce," "persons or things in interstate commerce," and "those activities that substantially affect interstate commerce." . . . The power over activities that substantially affect interstate commerce can be expansive. That power has been held to authorize federal regulation of such seemingly local matters as a farmer's decision to grow wheat for himself and his livestock, and a loan shark's extortionate collections from a neighborhood butcher shop.

*Sebelius*, 567 U.S. at 536–537 (internal citations omitted). Indeed, the Court specifically differentiated between the individual mandate's impermissible compulsion to "*become* active in commerce by purchasing a product" with the constitutionally permissible regulation of existing commercial activity. *Id.* at 552 (emphasis in original).

3

Thus, as applied to the alleged carjacking of a Mercedes that had already been transported, shipped and received in interstate commerce, the Supreme Court's reasoning in *Sebelius* reinforces rather than undermines existing precedent. Furthermore, numerous cases have underscored the substantial impact that carjackings have on existing interstate commerce both before and after the *Sebelius* decision. *See, e.g., United States v. Redditt*, 87 F. App'x 440, 443 (6th Cir. 2003) ("Carjackings in the aggregate put a strain on the national automobile industry, thus affecting interstate commerce, and bringing the activity within the scope of Congress' Interstate Commerce Clause power."); *United States v. McHenry*, 97 F.3d 125, 126 (6th Cir. 1996) (agreeing with other circuits that "cars are themselves instrumentalities of commerce, which Congress may protect . . . even though the threat may come only from intrastate activities") (citations and internal quotation marks omitted); *United States v. Wiggins*, 784 F. App'x 919, 926 (6th Cir. 2019) (testimony that Chevrolet carjacked in Michigan had been manufactured in Ohio sufficient to support conviction on federal carjacking charge).

Accordingly, Holmes' contention that Congress exceeded its reach under the Commerce Clause in enacting a federal carjacking statute that reaches intrastate criminal activity fails. Thus, his Motion to Dismiss Count One of the Indictment Based on Commerce Element (Doc. 46) must be denied.

### III. COUNT II—USE OF A FIREARM IN RELATION TO A CRIME OF VIOLENCE

Holmes filed two separate motions to dismiss Count Two of the Indictment. In the first, he argues that, because the prosecution for carjacking exceeded the Government's power under the Commerce Clause, there is no predicate offense on which to base the firearm charge alleged in Count Two. (Doc. 47 at PageID 95.) Having rejected above the Commerce Clause challenge

4

to the carjacking statute, this argument fails as well. Thus, Holmes' Motion to Dismiss Count Two of the Indictment (Doc. 47) must be denied.

In his Second Motion to Dismiss Count Two of the Indictment, Holmes contends that "based on the Supreme Court's Ruling in *Sessions v. Dimaya*, the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague and, therefore, carjacking is not a crime of violence sufficient to support his conviction." (Doc. 52 at PageID 155.) The Court disagrees.

*Sessions v. Dimaya*, ___ U.S. ___, 138 S.Ct. 1204 (2018) invalidated the residual clause of the Immigration and Nationality Act ("INA") definition of "crime of violence" contained at 18 U.S.C. § 16.[1] However, the Supreme Court evaluated the statute at issue here, 18 U.S.C. § 924(c), in *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319 (2019) and reached a similar conclusion.

Section 924(c) imposes enhanced punishments for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Subsection 924(c)(3) provides:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[1] 18 U.S.C. § 16 provides:
> The term "crime of violence" means—
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (a) is commonly called the "elements clause" while subsection (b) is the "residual clause."

5

18 U.S.C. § 924(c)(3). Subsection (A) is commonly called the "elements clause" while subsection (B) is the "residual clause." Applying the same categorical approach used to evaluate similar language in the INA and the Armed Career Criminal Act,[2] the Supreme Court invalidated only the residual clause—subsection 924(c)(3)(B)—as unconstitutionally vague. *Davis*, 139 S.Ct. at 2336. In doing so, however, the Court left the elements clause—subsection 924(c)(3)(A)—untouched.

Following the Supreme Court's decision in *Davis*, the Sixth Circuit has reiterated that carjacking constitutes a crime of violence under the still valid elements clause, § 924(c)(3)(A). *United States v. French*, 976 F.3d 744, 748 (6th Cir. 2020); *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019) ("carjacking constitutes a crime of violence under § 924(c)'s elements clause"); *Harper v. United States*, 792 F. App'x 385, 389 (6th Cir. 2019), *cert. denied*, 141 S.Ct. 166 (2020) ("Although the Supreme Court has determined that § 924(c)'s residual clause is unconstitutionally vague . . . this court has held that carjacking constitutes a crime of violence under § 924(c)'s elements clause."). Because carjacking constitutes a crime of violence under the elements clause in § 924(c)(3)(A) rather than under the unconstitutionally vague residual clause in § 924(c)(3)(B), Holmes' vagueness argument does not apply to the charge against him here. Accordingly, his Second Motion to Dismiss Count Two of the Indictment (Doc. 52) must also be denied.

## IV. COUNT III—POSSESSION OF A FIREARM BY A PROHIBITED PERSON

Count Three charges Holmes with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Holmes challenges § 922(g)(1) on both statutory construction and constitutional grounds.

---

[2] 18 U.S.C. § 924(e)(2)(B).

First, he claims that § 922(g)(1) contains separate, distinct prohibitions for convicted felons: (1) "shipping or transporting a firearm in interstate or foreign commerce;" (2) "possessing a firearm in or affecting commerce;" and (3) "receiving a firearm which has been shipped or transported in interstate or foreign commerce." (Doc. 48 at PageID 101.) According to Holmes, the plain language and legislative history of the statute indicate that these are intended to be separate offenses. Therefore, he argues, because the United States cannot prove that he "possessed in or affecting commerce" a firearm or ammunition, Count Three of his Indictment should be dismissed. The Court disagrees for several reasons.

First, section 922(g) provides:

> It shall be unlawful for any person—
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
> * * *
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

As written, the statute does not support Holmes' contention that these are intended to be separate offenses. Despite dividing § 922 into well over 100 subsections to five degrees (e.g., §§ 922(q)(2)(B)(iii)(II) or 922(z)(3)(C)(i)(II)), the Legislature chose not to subdivide § 922(g)(1) into separate subsections for transporting, possessing, and receiving firearms.

Second, even accepting Holmes' contention that "the statute requires that the defendant's possession was actually 'in or affecting commerce,'"[3] courts consistently interpret "in or affecting commerce" very broadly. The Sixth Circuit specifically stated, "The Supreme Court has held that proof that a firearm moved in interstate commerce at any time is sufficient to meet the government's burden of proving the 'in commerce or affecting commerce' element of §

---

[3] (Doc. 48 at PageID 102.)

1202(a), the predecessor to § 922(g)(1)." *United States v. Chesney*, 86 F.3d 564, 571 (6th Cir. 1996). The Court further concluded that a convicted felon's possession of a gun "that previously had moved in interstate commerce" is "sufficient to meet § 922(g)(1)'s 'in or affecting commerce' requirement." *Id.* at 572. Holmes tacitly concedes that the firearm he possessed was manufactured outside the state of Ohio.

Finally, this Court repeatedly has rejected both the statutory construction and constitutional challenges to § 922(g)(1) that Holmes now raises. *See United States v. Warren*, No. 1:18-cr-84, 2021 WL 617384 (S.D. Ohio Feb. 17, 2021) (McFarland, J.); *United States v. Rashid*, No. 1:20-cr-19, 2020 WL 5126697 (S.D. Ohio Aug. 31, 2020) (McFarland, J.); *United States v. Wendel*, No. 1:19-cr-132, 2020 WL 832098 (S.D. Ohio Feb. 20, 2020) (Cole, J.). Indeed, as the Sixth Circuit noted more than fifteen years ago, "every other circuit to have addressed the issue has held, consistently with *Chesney*, that the Commerce Clause requires no proof other than that the firearm or ammunition traveled in interstate commerce" prior to a defendant's possession. *United States v. Henry*, 429 F.3d 603, 620 (6th Cir. 2005).

Holmes' challenges to § 922(g)(1) similarly must be denied. Holmes, a convicted felon, is charged with possessing a firearm and ammunition manufactured outside the state of Ohio. As the grand jury specifically charged that the gun and ammunition he possessed were "in and affecting commerce," the Indictment is legally sufficient, and his Motion to Dismiss Count Three Based on Commerce Element (Doc. 48) must be denied.

V. **CONCLUSION**

Accordingly, Defendant's Motion to Dismiss Count One of the Indictment Based on Commerce Element (Doc. 46), Defendant's Motion to Dismiss Count Two of the Indictment (Doc. 47), Defendant's Motion to Dismiss Count Three of the Indictment Based on Commerce

8

Element (Doc. 48), and Defendant's Second Motion to Dismiss Count Two of the Indictment (Doc. 52) are hereby **DENIED**.

    **IT IS SO ORDERED.**

                                                     */s/ Susan J. Dlott*
                                                    Judge Susan J. Dlott
                                                    United States District Court