# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-58-2 |
| --- | --- | --- |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF BRADY/GIGLIO INFORMATION AND EARLY PRODUCTION OF JENCKS MATERIAL** |
| GARRY HOLMES, | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Garry Holmes' Motion for Disclosure of Brady/Giglio Information and for Early Production of Jencks Material (Doc. 49). The Government opposes the motion (Doc. 54). For the reasons set forth below, Holmes' motion will be **DENIED**.

A grand jury indicted Holmes and his co-defendant, Eric Lang, on charges of carjacking, in violation of 18 U.S.C. §§ 2119 and 2119(2) (Count One) and using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). The grand jury also charged Holmes with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Three).

Holmes filed what appears to be a form motion requesting immediate disclosure of 124 categories of information. Some requests involve information to which he is entitled under *Brady v. Maryland*, 373 U.S. 83 (1963) (evidence favorable to the accused that is material to guilt or punishment) or *Giglio v. United States*, 405 U.S. 150 (1972) (extending *Brady* disclosure requirement to impeachment evidence). For example, Holmes' item number 17(g) seeks disclosure of Government promises to recommend a downward departure under the United

States Sentencing Guidelines for any witness providing substantial assistance to authorities. (Doc. 49 at PageID 124.)

By contrast, some items seek immediate disclosure of information to which Holmes is not entitled. For example, Holmes requests "the names, addresses and present locations of each and every informant and cooperating witness" and copies of pretrial services reports and presentence investigation reports "on any informant or confidential source." (Doc. 49 at PageID 128.) However, "a defendant is not entitled to a list of the names and addresses of the government's witnesses." *United States v. Davis*, 306 F.3d 398, 420 (6th Cir. 2002); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). In addition, presentence investigation reports are strictly confidential and "[a]ll paper copies shall be maintained in secured files, and all electronic copies shall be password-protected." S.D. Ohio Crim. R. 32.1(k).

Some items Holmes seeks are obviously copied from another case and do not make sense in the context of this case. For example, item 20 states, "Inasmuch as the indictment alleges criminal acts beginning in 2005, the accused requests a copy of any supervisor's informant file review log or its equivalent, with respect to any informant utilized in the investigation of this case." (Doc. 49 at PageID 126.) The Indictment in this case refers only to alleged criminal activity on or about January 10, 2020 and March 3, 2020. (Doc. 1 at PageID 4–5.) There is no mention of criminal acts in 2005. Also, nothing in the record indicates that the Government used informants in this case, even though Holmes requests "With respect to any informants, all materials contained in the 'main files' of the FBI, DEA or other governmental agencies." (Doc. 49 at PageID 125–26.)

In response, the United States represents that it has produced discovery in compliance with Federal Rule of Criminal Procedure 16; that it has and will continue to comply with *Brady*

and *Giglio* and "will continue to meet its obligations to disclose any exculpatory or impeachment evidence." (Doc. 54 at PageID 171–72.) Holmes offers no allegation or evidence that the Government is not meeting its obligations. For these reasons, the Court concludes that Holmes' motion as it relates to timely disclosure of "*Brady/Giglio* Information"[1] is moot.

The Court will turn its attention, then, to the portion of Holmes' motion that requests "early disclosure of Jencks material." (Doc. 49 at PageID 114.) Specifically, Holmes asks the Court to order disclosure of all "Jencks material" 30 days before trial. (*Id.*)

The Jencks Act, codified at 18 U.S.C. § 3500, provides in relevant part:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall by the subject of subpoena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case.*

18 U.S.C. § 3500(a) (emphasis added). Thus, the Legislature has determined the appropriate time for disclosure of Jencks material, and it is not—as Holmes requests—a month before trial.

If Holmes requires additional time "to examine and utilize this material in a meaningful manner,"[2] § 3500(c) provides an appropriate solution. Specifically, "the court in its discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial." 18 U.S.C. § 3500(c). Thus, if Holmes receives any statements of Government witnesses for which he requires additional time to examine and prepare for use at trial, he may simply request an appropriate recess at that time.

---

[1] (Doc. 49 at PageID 114.)
[2] (Doc. 49 at PageID 129.)

As for Holmes' contention that "Rule 26.2, unlike its predecessor the Jencks Act, contains no language explicitly precluding the disclosure of witness statements prior to trial,"[3] the Court disagrees. Rule 26.2(a), entitled "Motion to Produce," provides:

> *After a witness other than the defendant has testified on direct examination,* the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a) (emphasis added). Thus, consistent with the Jencks Act, Rule 26.2 provides a time for production, and it is after the witness testifies on direct examination.

Accordingly, Defendant's Motion for Disclosure of Brady/Giglio Information and Motion for Early Production of Jencks Material (Doc. 49) is hereby **DENIED**.

**IT IS SO ORDERED.**

*[signature]*
Judge Susan J. Dlott
United States District Court

---

[3] (Doc. 49 at PageID 129.)