# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-58-2 |
| Plaintiff, | Judge Susan J. Dlott |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR WANT OF A SPEEDY TRIAL** |
| GARRY HOLMES, | |
| Defendant. | |

This matter is before the Court on Defendant Garry Holmes' Motion to Dismiss for Want of a Speedy Trial (Doc. 51). The United States opposes Defendant's motion (Doc. 66).

A grand jury indicted Holmes and his co-defendant, Eric Lang, on charges of carjacking, in violation of 18 U.S.C. §§ 2119 and 2119(2) (Count One), and using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). The grand jury also charged Holmes with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Three). Because any delay in this matter was caused exclusively by Defendants, Holmes' motion will be **DENIED**.

## I. BACKGROUND

Holmes and Lang are charged with using a firearm to carjack W.R. on January 10, 2020. They allegedly stole his 2008 Mercedes Benz C300 and shot him several times, including in the head. In addition, the grand jury charged that Holmes, a convicted felon, knowingly possessed a Smith and Wesson .40 caliber firearm and ammunition.

The timeline of this case is as follows:

- June 4, 2020 – Defendants indicted. (Doc. 1.)

- June 10, 2020 – Magistrate Judge determined that Defendant Holmes was already incarcerated on unrelated charges at the Correctional Reception Center in Orient, Ohio, and she issued a Writ of Habeas Corpus ad Prosequendum for him to be transported to the Potter Stewart United States Courthouse for initial appearance in this matter. (Doc. 11.)
- June 29, 2020 – Defendant Holmes' initial appearance rescheduled to July 2, 2020 via videoconference. (Doc. 22.)
- July 2, 2020 – Defendant Holmes made his initial appearance in this matter. He was deemed ineligible for release "due to pending matters in another case, to wit, the defendant is serving a sentence from another case." (Doc. 26.)
- **The speedy trial clock began to run, pursuant to 18 U.S.C. § 3161.**
- July 10, 2020 – Scheduling Order issued setting jury trial for **September 8, 2020**. (Doc. 27.)
- August 12, 2020 – Defendant Eric Lang moved to continue motion deadline and trial. (Doc. 28.)
- August 16, 2020 – Defendant Holmes moved to continue all deadlines and extend the trial date because "discovery in this case is extensive" and Defendants contended "that more time is needed to ascertain if there will be motions filed on Mr. Holmes's behalf." (Doc. 29 at PageID 55.)
- August 18, 2020 – Court granted Defendants' motions to continue. Trial date reset for **November 2, 2020**. Ends of Justice Order issued excluding from the speedy trial calculation **August 12, 2020 through November 2, 2020**, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). (Doc. 30.)

- **41 days of Defendants' speedy trial time have elapsed.**

- October 5, 2020 – Defendant Holmes developed "irreconcilable differences" with his attorney and "expressed his agreement" that he be appointed new counsel. (Doc. 31 at PageID 59.)

- October 7, 2020 – Court granted Holmes' attorney's motion to withdraw. (Doc. 32.)

- October 13, 2020 – New counsel appointed to represent Holmes. (Doc. 34.)

- October 14, 2020 – Court conducted a status conference at which "Counsel for both Defendants requested additional time to review discovery and either negotiate a plea agreement or prepare for trial." (Doc. 35 at PageID 64.) The Court granted the Defendants' motions, scheduled a status conference for November 12, 2020, and excluded from the speedy trial calculation **October 14, 2020 through November 12, 2020**, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

- **Defendants' speedy trial calculation remains at 41 days.**

- November 12, 2020 – Court conducted a status conference at which counsel for both Defendants made oral motions to continue. (Doc. 38.) The Court granted the Defendants' motions, scheduled a status conference for December 14, 2020, and excluded from the speedy trial calculation **November 12, 2020 through December 14, 2020**, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv) and *United States v. White*, 920 F.3d 1109 (6th Cir. 2019). (Doc. 38.)

- **Defendants' speedy trial calculation remains at 41 days.**

3

- December 14, 2020 – Court conducted a status conference at which counsel for both Defendants made oral motions to continue. (Doc. 39.) The Court granted the Defendants' motions, scheduled a status conference for January 26, 2021, and excluded from the speedy trial calculation **December 14, 2020 through January 26, 2021**, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv) and *United States v. White*, 920 F.3d 1109 (6th Cir. 2019). (Doc. 39.)
- **Defendants' speedy trial calculation remains at 41 days.**
- January 26, 2021 – Court conducted a status conference at which counsel for Holmes moved for additional time to review discovery with his client and either negotiate a plea agreement or prepare for trial. (Doc. 44.) The Court granted the motion, scheduled a status conference for March 31, 2021, and excluded from the speedy trial calculation **January 26, 2021 through March 31, 2021**, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv) and *United States v. White*, 920 F.3d 1109 (6th Cir. 2019). (Doc. 44.)
- **Defendants' speedy trial calculation remains at 41 days.**
- March 31, 2021 – Court conducted a status conference at which counsel for both Defendants made oral motions to extend the motion deadline and to continue the trial. Previously, all counsel indicated this case likely would be resolved via plea agreement, but the Court was informed for the first time that extra-judicial resolution was no longer likely. (Doc. 45.) The Court granted Defendants' motions, set a new motion deadline of **April 30, 2021**, scheduled trial for **June 7, 2021**, and excluded from the speedy trial calculation **March 31, 2021 through June 7, 2021**, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). (Doc. 45.)

- **Defendants' speedy trial calculation remains at 41 days.**
- April 11, 2021 – Defendant Holmes filed three motions to dismiss the indictment (Docs. 46, 47, 48) and a motion for early production of Jencks material (Doc. 49). The filing of these motions automatically tolls the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D).
- April 15, 2021 – Defendant Holmes filed a Motion to Suppress Identification (Doc. 50). The filing of this motion automatically tolls the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D).
- April 16, 2021 – Defendant Holmes filed the instant Motion to Dismiss on Speedy Trial (Doc. 51). The filing of this motion automatically tolls the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D).
- April 18, 2021 – Defendant Holmes filed a Second Motion to Dismiss Count Two of the Indictment (Doc. 52). The filing of this motion automatically tolls the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D).
- April 18, 2021 – Defendant Holmes filed a Motion to Suppress (Doc. 53). As the issues raised in this motion require an evidentiary hearing, the filing of this motion automatically tolls the speedy trial clock "through the conclusion of the hearing" and to the reasonable period after the hearing "not to exceed thirty days, during which [the] proceeding concerning the defendant is actually under advisement by the court" pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H).
- April 25, 2021 – Defendant Holmes filed a Motion in Limine (Doc. 56). The filing of this motion automatically tolls the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D).

- May 5, 2021 – The Court conducted a status conference with counsel to determine the first available date for the evidentiary hearing necessitated by Holmes' Motion to Suppress (Doc. 53) and Co-Defendant Eric Lang's Motion to Suppress Pretrial Identification (Doc. 58). The Court scheduled the evidentiary hearing for the first available date, **June 1, 2021**. However, because the case cannot proceed to trial until after the evidentiary hearing necessitated by Defendants' motions, the Court had no choice but to continue the final pretrial conference and trial setting until June 10, 2021 and **July 26, 2021**. (Doc. 64.) Accordingly, the Court excluded from the speedy trial calculation **April 18, 2021 through July 26, 2021**, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). (Doc. 45.)
- **Defendants' speedy trial calculation remains at 41 days.**
- May 17, 2021 – Holmes' attorney advised the Court that he was unavailable for the newly selected July 26, 2021 trial date. The Court immediately arranged a telephone conference with all counsel, vacated the trial in another case, and scheduled this case for trial on **June 23, 2021**. The Court will conduct the final pretrial conference immediately following the June 1, 2021 suppression hearing.
- **Defendants' speedy trial calculation remains at 41 days.**

Holmes moves to dismiss all charges against him on the basis that he "was deprived of his right to a speedy trial pursuant to the Sixth Amendment of the United States Constitution and pursuant to the Speedy Trial Act." (Doc. 51 at PageID 146.) "Although the passage of the [Speedy Trial] Act was in part an attempt by Congress to quantify the sixth amendment right to a speedy trial, the legislation does not purport to be coextensive with that amendment." *United States v. Howard*, 218 F.3d 556, 563 (6th Cir. 2000) (quoting *United States v. Gonzalez*, 671

F.2d 441, 443 (11th Cir. 1982)); *see also* 18 U.S.C. § 3173 ("No provision of this chapter shall be interpreted as a bar to any claim of denial of speedy trial as required by amendment VI of the Constitution."). Thus, the Court will address Holmes' Speedy Trial Act claim and his Sixth Amendment claim separately.

## II.   SPEEDY TRIAL ACT, 18 U.S.C. § 3161

The Speedy Trial Act mandates that "trial commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, certain periods of delay "shall be excluded . . . in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). Included among those periods which shall be excluded are: (1) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" (18 U.S.C. § 3161(h)(1)(D)); (2) "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" (18 U.S.C. § 3161(h)(1)(H)); and (3) "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" (18 U.S.C. § 3161(h)(7)(A)). When a defendant seeks a continuance, "he is barred from arguing that it was not in the interests of justice." *Howard*, 218 F.3d at 562.

As enumerated above, only 41 of the 70 days permitted under the Speedy Trial Act have elapsed in this case. In addition, Defendants—and primarily Defendant Holmes—caused the

7

delays in this case and requested the continuances. Therefore, Holmes may not now claim that such continuances were not in the interests of justice. Accordingly, Defendant's Speedy Trial Act claim must be rejected.

## III. SIXTH AMENDMENT

"The Sixth Amendment guarantees that, '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]'" *United States v. Felix*, ___ F.App'x ___, 2021 WL 1102304, *5 (6th Cir. Mar. 23, 2021) (quoting U.S. Const. amend. VI). To determine whether the Government violated a defendant's Sixth Amendment right to a speedy trial, the Court must examine four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. Zabawa*, 719 F.3d 555, 563 (6th Cir. 2013) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

### A. Length of Delay

If the delay is less than one year, the Court need not consider the remaining factors. *Id.* However, "a one-year delay is presumptively prejudicial and triggers analysis of the remaining *Barker* factors." *United States v. Sutton*, 862 F.3d 547, 559 (6th Cir. 2017).

In this case, the grand jury indicted Defendants on June 4, 2020, and Holmes made his initial appearance on July 2, 2020. Because the trial is now scheduled to begin June 23, 2021, the Court will consider all of the *Barker* factors "together with any other relevant circumstances." *Id.*

### B. Reason for Delay

"The second *Barker* factor looks at whether the government or the criminal defendant is more to blame for the delay." *Felix*, ___ F.App'x at ___, 2021 WL 1102304 at *6 (quoting *Zabawa*, 719 F.3d at 563). "Governmental delays motivated by bad faith, harassment or

8

attempts to seek a tactical advantage weigh heavily against the government." *Sutton*, 862 F.3d at 559 (quoting *Brown v. Romanowski*, 845 F.3d 703, 714 (6th Cir. 2017)).

In the case at bar, Defendants caused or requested every delay. Defendants requested the first continuance, from August 12, 2020 through November 2, 2020, because "discovery in this case is extensive" and Defendants contended "that more time is needed to ascertain if there will be motions filed on Mr. Holmes's behalf." (Doc. 29 at PageID 55.)

On October 5, 2020, Defendant Holmes developed "irreconcilable differences" with his attorney and "expressed his agreement" that he be appointed new counsel. (Doc. 31 at PageID 59.) The Court promptly appointed new counsel and conducted a status conference on October 14, 2020 to determine how much time Holmes' new counsel required to adequately prepare for trial.

On December 3, 2020, the Court was advised that Holmes was displeased with his new appointed attorney, and it ordered that Holmes be transported to attend an in-court status conference on December 8, 2020. Following conversation with his attorney, Holmes personally informed the Court that he wished to proceed with his current representation, and the Court granted his request.

On December 14, 2020, counsel for both Defendants requested additional time to review discovery with their clients and attempt to work toward pretrial resolution of this matter. (Doc. 39.) Again, the Court granted Defendants' request and scheduled a status conference for January 26, 2021 "at which time this matter will be set for trial or change of plea hearing." (*Id.* at PageID 75.)

On January 26, 2021, Holmes' attorney requested additional time to engage in plea negotiations. (Doc. 44.) Yet again, the Court granted Defendant's request and scheduled a status conference for March 31, 2021.

On March 31, 2021, the Court was informed that plea negotiations had reached an impasse, and Defendants requested additional time to file appropriate pretrial motions. Again, the Court granted Defendants' request and set the following schedule: motions deadline of April 30, 2021; response deadline for May 14, 2021; final pretrial conference on May 19, 2021; and trial for June 7, 2021. (Doc. 45.)

In mid to late April, Defendants filed a flurry of motions (Docs. 46, 47, 48, 49, 50, 51, 52, 53, 56, 58, and 59) which the Court addressed as promptly as possible (Docs. 57, 61, 62, and 65). However, two of the motions—Holmes' Motion to Suppress (Doc. 53) and Lang's Motion to Suppress Pretrial Identification (Doc. 58)—raised factual issues that necessitated a hearing. On May 5, 2021, the Court conducted a status conference to schedule the required evidentiary hearing as quickly as possible. The Court scheduled the evidentiary hearing for the first available date, June 1, 2021. However, the newly-required evidentiary hearing on Defendants' motions necessitated continuance of the trial date. (Doc. 64.)

It is important to note that neither the Government nor the Court sought the delays or continuances in this matter. Indeed, the Court would have preferred to try this case in October 2020 when its calendar was far less congested, but Holmes' issues with his attorneys, requested continuances, and then flurry of motions necessitated the current trial date of June 23, 2021. Thus, the reason for the delay in this case weighs heavily against Holmes' Sixth Amendment claim.

## C. Defendant's Assertion of His Right

A defendant's prompt assertion of his speedy trial right must be considered as, "[t]he more serious the deprivation, the more likely a defendant is to complain." *Sutton*, 862 F.3d at 561 (quoting *Barker*, 407 U.S. at 531). In the landmark case concerning the constitutional right to a speedy trial, *Barker*, "the Supreme Court held that the five-year delay between arrest and trial did not create a constitutional violation in large part because the defendant 'did not want a speedy trial,' as reflected by the fact that he did not file a motion to dismiss for almost four years after his indictment." *Id.* (quoting *Barker*, 407 U.S. at 534); *see also United States v. Brown*, 808 F.App'x 347, 350 (6th Cir. 2020) (finding defendant's assertion of asserting speedy trial rights to be "spotty at best" where defendant failed to assert them until four months after his arrest).

The same can be said in this case. Holmes first asserted his speedy trial right in the instant motion filed April 16, 2021—more than 10 months after his indictment. (Docs. 1, 51.) Indeed, had Holmes asserted his speedy trial right earlier, the Court would have enforced one of the earlier scheduled trial dates rather than continuing to grant Defendants' requests for continuances and changes in counsel. Thus, this factor, too, weighs against Holmes' Sixth Amendment claim.

## D. Prejudice to the Defendant

Finally, the fourth *Barker* factor "requires the defendant to show that substantial prejudice has resulted from the delay." *Felix*, ___ F.App'x at ___, 2021 WL 1102304 at *6 (quoting *Zabawa*, 719 F.3d at 563). "In the speedy-trial context, 'the most serious' form of prejudice is the risk of impairing the defense." *Brown*, 808 F.App'x at 350 (quoting *Doggett v. United States*, 505 U.S. 647, 654 (1992)). "If the government 'prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced with specificity

11

will not make out a speedy trial claim no matter how great the ensuing delay." *United States v. Robinson*, 455 F.3d 602, 608 (6th Cir. 2006) (quoting *Howard*, 218 F.3d at 564); *Miles v. Jordan*, 988 F.3d 916, 927 (6th Cir. 2021).

In this case, there is no allegation that the Government failed to prosecute this case with reasonable diligence, and Holmes does not identify any specific prejudice. Rather, Holmes argues that he suffered "generalized prejudice" because incarceration caused him to be "disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility." (Doc. 51 at PageID 150 (quoting *Barker*, 407 U.S. at 532–33).) However, Holmes was already incarcerated on unrelated state charges when the grand jury indicted him in this case. (Doc. 11.) The "disadvantages" he suffered can be attributed to his past deeds rather than any trial delays in this case. Thus, this factor, too, weighs against Holmes' Sixth Amendment claim.

Although the first *Barker* factor weighs very slightly in Holmes' favor, the remaining three factors weigh very heavily against him. On balance, it is clear that Holmes has suffered no Sixth Amendment violation.

IV. **CONCLUSION**

Accordingly, Defendant's Motion to Dismiss for Want of a Speedy Trial (Doc. 51) is hereby **DENIED**.

**IT IS SO ORDERED.**

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court